UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORA E. ROBLES,

    Plaintiff,

v.                                                            Case No. 25-C-122

MANITOWOC PUBLIC SCHOOL DISTRICT,

    Defendant.

## ORDER DENYING MOTION FOR RELIEF DUE TO FAILURE TO NOTIFY PLAINTIFF

On January 23, 2025, Plaintiff Nora Robles, who is representing herself, brought this action against Defendant Manitowoc Public School District, alleging that her employment was terminated due to discriminatory animus against her race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. She also sought to proceed *in forma pauperis*. On February 14, 2025, the court granted her motion and ordered the United States Marshal to serve a copy of the Complaint and the court's order upon Defendant pursuant to Federal Rule of Civil Procedure 4. The Marshal sent a waiver of service to Defendant on February 18, 2025, which was returned as executed on March 12, 2025. That same day, Robles filed a "Motion for Relief Due to Failure to Notify Plaintiff." For the following reasons, Robles' motion will be denied.

Robles makes several allegations in her motion, all of which have no basis in law or fact. First, she states that Defendant and/or the court failed to provide her "proper notice of . . . change of attorney." Dkt. No. 6 at 1. The court presumes she is referring to a change in Defendant's attorney, but there has been no change in Defendant's attorney to provide her notice of. Indeed,

at the time Robles filed her motion, no attorney had even made an appearance in this case. An attorney has since entered an appearance on Defendant's behalf, and Defendant has until April 21, 2025, to respond to the Complaint. *See* Dkt. No. 7; Fed. R. Civ. P. 4(d)(3). Moreover, Robles cites to Wisconsin statutes that govern civil procedure in Wisconsin circuit courts to support her motion. Wis. Stat. § 801.01(2) ("Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions . . . ."). In this court, however, the Federal Rules of Civil Procedure apply. Robles further states that she "had to travel to Milwaukee to visit the office of the United States Marshals to inquire about the acknowledgment of the waiver of service of summons" because "the defendant's attorney has not yet filed the acknowledgment of waiver with the [United States District Court for the Eastern District of Wisconsin]." Dkt. No. 6 at 2. While the court appreciates Robles' diligence, Defendant had 30 days to return the waiver. Fed. R. Civ. P. (d)(1)(F). Because the waiver was sent on February 18, 2025, Defendant's March 12, 2025 filing was timely. Finally, Robles implies that she has been prejudiced by the entry of orders without her notice. *See* Dkt. No. 6 at 2. But outside of the court's order granting Robles' motion to proceed *in forma pauperis*, which was mailed to her at her address of record, no other action has been taken in this case. She has therefore suffered no prejudice.

For these reasons, Robles' motion for relief (Dkt. No. 6) is **DENIED**. This case will proceed accordingly once Defendant has answered or otherwise responded to Robles' Complaint.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of March, 2025.

_____
William C. Griesbach
United States District Judge