NORA E. ROBLES,

        Plaintiff,

     v.                                        Case No. 25-C-122

MANITOWOC PUBLIC SCHOOL DISTRICT,

        Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Nora Robles, serving as her own lawyer, brought this action against her former employer, Defendant Manitowoc Public School District, alleging she was discriminated against based on her race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Presently before the court is Defendant's motion for judgment on the pleadings. For the following reasons, Defendant's motion will be denied.

### PRELIMINARY MATTERS

Before turning to Defendant's motion for judgment on the pleadings, the court will address Plaintiff's filing practices. In response to Defendant's motion for judgment on the pleadings, Plaintiff filed three briefs in opposition. Dkt. Nos. 25–26 & 31. Civil Local Rule 7 permits a non-moving party to file one brief in opposition to a motion, absent leave of the court. Civil L.R. 7(b), (i). The court appreciates that pro se litigants often face an uphill battle because they do not often have formal legal training, they may face resource limitations, and federal civil procedure can be, at times, complex. But it has long been the rule that "pro se litigants are not excused from compliance with procedural rules, including local rules." *Brooks v. Complete Warehouse & Distribution LLC*, 708 F. App'x 282, 285 (7th Cir. 2017) (collecting cases). The court will not

allow the piecemeal filing of supplemental briefs in this action. Accordingly, Plaintiff's supplemental briefs in opposition to the motion for judgment on the pleadings (Dkt. Nos. 26 & 31) will be stricken from the record.

Plaintiff has also filed a motion to compel Defendant to amend its pleading or admit/deny factual allegations and motion to strike affirmative defenses and for Rule 11(c) sanctions. *See* Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). In her motions, Plaintiff appears to argue that Defendant's answer and affirmative defenses must be amended or stricken and sanctions are warranted due to various misrepresentations made in Defendant's answer to the complaint. The purpose of Rule 11 sanctions is to deter "baseless" filings in federal court by requiring attorneys to certify that the claims they raise are not for improper purposes, are warranted by law, and have evidentiary support. *See* Fed. R. Civ. P. 11(b). Defendant fulfilled its obligation to meaningfully respond to Plaintiff's allegations under Federal Rule of Civil Procedure 8(b). *See* Answer at 15, Dkt. No. 19. Plaintiff's disagreement with the substance of Defendant's answers and defenses does not warrant sanctions under Rule 11(c). The merits of these defenses can be addressed on summary judgment or, failing that, at trial. Accordingly, Plaintiff's motion to compel Defendant to amend its pleading or admit/deny factual allegations and motion to strike affirmative defenses and for Rule 11(c) sanctions are denied. The court will now turn to Defendant's motion for judgment on the pleadings.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is a Hispanic female of Mexican descent. Dkt. No. 1 at 3. She was employed at Lincoln High School in Manitowoc, Wisconsin as an English as a Second Language (ESL) teacher from August 2021 to June 2022. Dkt. No. 1-1 at 2. Of the three ESL teachers at Lincoln High

2

School, Plaintiff was the only Hispanic teacher. (Plaintiff does not indicate the race or national origin of her two colleagues, Ben and Cait.) Plaintiff did not have an ESL teaching license at the start of her employment, so she sought to obtain one as the year progressed. The school failed to complete a Department of Public Instruction (DPI) licensing form on Plaintiff's behalf in September 2021. *Id.* at 3. Although the school submitted the form several months later on February 14, 2022, the form was improperly filled out and ultimately rejected. *Id.* As a result, Plaintiff did not obtain her ESL license. *Id.* In contrast, Plaintiff alleges that the school supported her two ESL colleagues in obtaining their licenses. *Id.*

Plaintiff asserts that school administration treated her unfavorably in other respects as well. She submits that Principal Lee Thennes instructed other staff to avoid interacting with Plaintiff, excluded Plaintiff from all-staff emails, yelled at Plaintiff, micromanaged Plaintiff's work, and accused Plaintiff of instigating issues among staff. *Id.* at 3–4. Plaintiff also complained to school administrators about another teacher's treatment of students and "advocated for fair treatment of approximately twenty newcomer students from Central America, Mexico, and Tanzania, opposing their exclusion from classrooms." *Id.* It was after these acts, Plaintiff explains, that she was placed on a performance improvement plan (PIP) and required to relocate offices, moving from a group office shared by the three ESL teachers to a solitary office. *Id.* at 4.

Conflict came to a head when Thennes informed Plaintiff that she had shown no improvement under her PIP and non-renewal of her contract would be recommended. *Id.* Plaintiff elected to resign, rather than face non-renewal, but continued to work under her contract for the remainder of the school year. *Id.* On June 3, 2022, as the school year was approaching its close, Plaintiff emailed a fellow teacher to request a grade modification for a student who enrolled late in the semester. *Id.* at 5. As a result of the email exchange, Thennes asked the school's resource officer, Officer Check, to escort Plaintiff from the school building. *Id.* Following this ordeal,

Plaintiff completed the remainder of the school year remotely, connecting with students and staff virtually. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Thus, the court draws all reasonable inferences and views all facts in the light most favorable to the nonmovant. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). But it is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). To survive a motion for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

At the outset, the parties dispute what papers the court may consider in ruling on Defendant's motion. Defendant attached nine documents to its answer, including Plaintiff's PIP, the parties' Settlement Agreement, a Letter of Nonrenewal, and several email chains, *see* Dkt. Nos. 19-1 to 19-9, and argues that the court should consider these documents in ruling on its motion.

It is true, as a general rule, that courts may consider attachments to an answer without converting a motion for judgment on the pleadings into a motion for summary judgment. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). This is because "[p]leadings 'include the complaint, the answer, and any written instruments attached as

4

exhibits.'" *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). But the Seventh Circuit directed in *Federated Mutual* that "[d]istrict courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." 983 F.3d at 313 (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)). It follows that the court need not "automatically accept and rely on a document attached to the defendant's answer" when deciding a motion for judgment on the pleadings. *Sartin v. Chula Vista, Inc.*, No. 18-CV-1890, 2019 WL 2746210, at *4 (E.D. Wis. July 1, 2019). Instead, hewing to the Seventh Circuit's directive in *Federated Mutual*, a court will only consider documents attached to the defendant's answer "if they are referred to in the plaintiff's complaint and are central to [her] claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)). "This is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment . . . ." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also Sartin*, 2019 WL 2746210, at *5 (explaining that if "a defendant need simply answer the complaint, append to the answer whatever documents it wants, and then move for judgment on the pleadings," the result would be "a sort of abbreviated summary judgment procedure").

The court will not consider the documents Defendant attached to its answer because they are not central to Plaintiff's complaint. While the documents Defendant seeks to introduce may shed greater light on the circumstances surrounding Plaintiff's complaint and thereby have evidentiary value, "they are not the type of crucial documents, such as a contract in a breach of contract claim, that can be introduced as part of the pleadings." *Facebook, Inc. v. Teachbook.com*

5

*LLC*, 819 F. Supp. 2d 764, 773 (N.D. Ill. 2011); *see also Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 n.4 (7th Cir. 2003) (approving consideration of contract attached to motion to dismiss where plaintiff referenced the contract in the complaint). Plaintiff's claim for relief under Title VII does not depend on the existence of any of the documents Defendant attached to its answer. *Cf. Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (holding that an agreement was central to the plaintiff's complaint because the plaintiff asserted the agreement granted him a property interest of which the defendants allegedly deprived him without due process). In short, Defendant seeks to leverage Rule 12(c) to put forth evidence supporting its side of the story prior to Plaintiff having any opportunity to conduct discovery so as to produce evidence supporting her side. The court will not permit such an approach as doing so would be akin to opening "a backdoor to a one-sided summary judgment procedure—the very thing Rule 12(d) seeks to prevent." *Ware v. Lake Cnty. Sheriff's Off.*, No. 15 C 9379, 2017 WL 914755, at *3 (N.D. Ill. Mar. 8, 2017); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Accordingly, the court will not consider the documents attached to Defendant's answer in ruling on the present motion.

      That aside, the only remaining question is whether Plaintiff states a claim for relief that is plausible on its face. To state a claim for employment discrimination under Title VII, "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). To be sure, this is a relatively low bar. *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (collecting cases and explaining that "[t]he pleading requirement for employment-discrimination claims is minimal," requiring only that a

6

Case 1:25-cv-00122-WCG   Filed 06/09/25   Page 6 of 8   Document 36

plaintiff "identify the type of discrimination, when it occurred, and by whom"). A plaintiff is not, as Defendant suggests, required to "allege facts aligning with her claim's every element." *Kaminski*, 23 F.4th at 777 ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination."); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014). Stated more plainly, the evidentiary framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is inapposite at the pleading stage. *Kaminski*, 23 F.4th at 777. That said, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, a plaintiff must include "factual allegations directly or indirectly connecting" the alleged discrimination with her protected characteristic. *Kaminski*, 23 F.4th at 776. Put another way, she must "explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class." *Id.* at 777–78.

Construing Plaintiff's complaint liberally—as the court must given her pro se status—Plaintiff states a claim for employment discrimination. Plaintiff alleges that she is Hispanic and of Mexican descent, both of which are protected characteristics. 28 U.S.C. § 2000e-2(a). She further alleges that she suffered an adverse employment action because she was constructively terminated by a choice between resignation or non-renewal. *See Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 889 (7th Cir. 2016) ("A termination is undoubtedly an adverse employment action."). And she provides the "*because of* allegation" that was missing in *Kaminski*: Plaintiff's colleagues, who were non-Hispanic, received licensure support that she did not, and she was placed on a PIP and required to relocate offices after advocating for newcomer students, some of whom were of Central American descent. Taken as a whole, Plaintiff's complaint identifies the

7

type of discrimination she thinks occurred, by whom, and when. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). This is enough to provide Defendant with fair notice of the nature and basis of Plaintiff's claim, especially given that "[e]mployers are familiar with discrimination claims and know how to investigate them." *Carlson*, 758 F.3d at 827 (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)). Accordingly, Plaintiff has stated a plausible claim for employment discrimination under Title VII.

## CONCLUSION

For the above reasons, Defendant's motion for judgment on the pleadings (Dkt. No. 23) is **DENIED**. Plaintiff's supplemental briefs in opposition to the motion for judgment on the pleadings (Dkt. Nos. 26 & 31) are **STRICKEN** from the record. Plaintiff's motion to compel Defendant to amend its pleadings or admit/deny factual allegations (Dkt. No. 29) and motion to strike affirmative defenses and for sanctions (Dkt. No. 34) are **DENIED**. The Clerk is directed to set this matter on the court's calendar for a telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of June, 2025.

William C. Griesbach
United States District Judge